**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THERON WILSON RICHARDSON,
Plaintiff-Appellant,

v.

No. 97-1406

ROBERT BENSON,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-96-2207-L)

Submitted: February 10, 1998

Decided: April 13, 1998

Before MURNAGHAN, WILKINS, and NIEMEYER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard J. Fezell, Frederick, Maryland, for Appellant. Otho Thompson, City Solicitor, William R. Phelan, Jr., Principal Counsel, CITY OF BALTIMORE LAW DEPARTMENT, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Responding to a report of an armed person, Officer Robert Benson of the Baltimore City Police Department encountered a tense situation at 3620 Old Frederick Road in Baltimore, Maryland. Arriving at the scene alone at night and without backup, Officer Benson found four men involved in an argument. Ordering all of the men to put their hands where they could be seen, Officer Benson noticed that Theron Richardson had a pistol tucked into his waistband. Richardson obeyed Officer Benson's command to drop the firearm. Officer Benson then ordered the men to get on the ground and handcuffed Richardson.

During the arrest, Richardson tried to explain the situation to Officer Benson. Richardson and Officer Benson argued over the contours of when Richardson's possession of the gun would be legal, but Officer Benson suggested, in somewhat rough language, that the discussion was more appropriate for the courtroom. Officer Benson interviewed one of the men at the scene, Jada Lokeman, who was the apparent victim of an assault. Lokeman explained that he had been attacked by two of the men and that Richardson had come out of the house at 3620 Old Frederick Road to defend him from further injury.

Other responding officers transported Richardson to the police station in a police wagon. Later that evening, Officer Benson filed a Statement of Charges accompanied by his Statement of Probable Cause. In that affidavit, Officer Benson noted that Richardson had come out of his residence with the handgun to prevent Lokeman from being further assaulted. Although the judicial officer determined that there was probable cause to detain Richardson, when he appeared in court later, the State's Attorney entered a nolle prosequi regarding the charge. Richardson sued Officer Benson under 42 U.S.C. § 1983 (1994) alleging violations of his constitutional rights.

2

Richardson's suit is premised on his allegation that he was arrested and subjected to the initiation of criminal proceedings without probable cause. See Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). Probable cause is defined as the "`facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed, is committing, or is about to commit an offense.'" United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993) (quoting Michigan v. DeFillipo, 443 U.S. 31, 37 (1979)). In determining the existence of probable cause, courts examine the totality of the circumstances known to the arresting officer when the arrest is executed. See United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir. 1995). The district court granted Officer Benson's motion for summary judgment, concluding that Benson was entitled to qualified immunity because Officer Benson reasonably believed he had probable cause to arrest Richardson.

The basic principles of qualified immunity are well settled. The qualified immunity defense under § 1983 limits the deleterious effects that the risks of civil liability would otherwise have on the operations of government. See Anderson v. Creighton, 483 U.S. 635, 638 (1987); Swanson v. Powers, 937 F.2d 965, 967 (4th Cir. 1991). Qualified immunity allows officials the freedom to exercise fair judgment, protecting all but the plainly incompetent or those who knowingly violate the law. See Malley v. Briggs, 475 U.S. 335, 341 (1986). That principle in mind, the linchpin of qualified immunity is objective reasonableness. See Anderson, 483 U.S. at 639; Mitchell v. Rice, 954 F.2d 187, 190 (4th Cir. 1992). When the official's actions, analyzed from the perspective of the official at the time, are within the range of reasonableness, then no liability will attach. See Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir. 1991). At the heart of the reasonableness inquiry is whether the rights alleged to have been violated were clearly established at the time of the challenged actions. See Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982).

If the law supporting the allegedly violated right was not clearly established, the defense protects the actor. See Anderson, 483 U.S. at 640-41; Tarantino v. Baker, 825 F.2d 772, 774 (4th Cir. 1987). Where the law is clearly established and where no reasonable official could believe he was acting in accordance with it, the actor is not entitled to qualified immunity. The purpose of this doctrine is to ensure that

3

police officers and other government actors can reasonably anticipate the legal consequences of their behavior. See Davis v. Scherer, 468 U.S. 183, 195 (1984).

Officer Benson arrested Richardson for carrying a handgun in public in violation of Md. Ann. Code, Art. 27 § 36B(b) (1996).* A reasonable officer in Benson's position would have believed that he or she had probable cause to do so. Richardson cannot dispute that he was, in fact, carrying a handgun in public. Even with the hindsight-assisted knowledge that the exception to the statute exempting homeowners, leaseholders, and residents was applicable to the situation, see Md. Ann. Code, Art. 27 § 36B(c)(4), Officer Benson did not act unreasonably by declining to conduct an extensive investigation regarding the ownership of the premises in a potentially volatile situation. See Gooden v. Howard County, 954 F.2d 960, 964-65 (4th Cir. 1992). The status of the property is a legal issue, one which a responding officer should not be required to resolve before taking a potentially threatening armed individual into custody. If Richardson had been a visitor to 3620 Old Frederick Road or standing a few feet closer to the street, he would have committed a crime. The police are "held to standards of reasonableness, not to standards of perfection." Torchinsky v. Siwinski, 942 F.2d 257, 264 (4th Cir. 1991). Officer Benson reasonably, if mistakenly, believed that Richardson was committing or about to commit an offense.

Richardson's citation to Maryland's statute allowing persons to aid victims of violent assaults presents similar legal distinctions. See Md. Ann. Code, Art. 27 § 12A (repealed 1996). It is not unreasonable for officers in the field to decline to make difficult legal conclusions before arresting armed persons involved in volatile situations. Officer Benson would had to have resolved thorny legal issues to conclude that Richardson was entitled to assert the protection of the statute. As a threshold matter, Officer Benson did not have sufficient facts to determine whether the statute applied at all. Richardson was never

_____

*Richardson claims in his appellate brief that the district court's order was silent as to what crime Officer Benson reasonably believed Richardson had committed. Appellant's Br. at 18. However, the district court noted that there was a reasonable basis to arrest Richardson for carrying a handgun in public. District Ct. Order at 4 n.4.

4

charged with an assault. Further, the force exerted by the aiding party may only be "that degree of force which the assaulted person is allowed to exert." Id. Whether the attackers were exerting deadly force, as Richardson threatened to do, is another question better answered with the calm detachment of hindsight. Finally, although the statute explicitly allowed the use of force, it did not necessarily abrogate other applicable statutes concerning the possession of firearms. This is another legal conundrum appropriate for the courtroom, but too fine for the field. The existence of the statute and Officer Benson's failure to apply it before arresting Richardson did not render Officer Benson's actions unreasonable.

Richardson also contends that Officer Benson acted unreasonably in continuing to pursue the matter by filing a Statement of Charges accompanied by an affidavit in which Officer Benson noted that Richardson retrieved the firearm from his residence. See Md. R. Crim. P. 4-211(b)(2). Richardson suggests that a reasonable officer would have known that Richardson was entitled to the operation of the exception to the statute and declined to file the Statement of Charges. Although it is true that a reasonable officer could, in the relative calm of the police station, verify with some certainty a person's residence, we cannot conclude that Officer Benson's actions were "plainly incompetent" or in knowing violation of the law. See Malley, 475 U.S. at 371. By filing the Statement of Charges, Officer Benson was reasonably acting in compliance with the Maryland Rules of Criminal Procedure.

Once Richardson was arrested, the Rules required Officer Benson to "forthwith cause a statement of charges to be filed" accompanied by his affidavit showing probable cause. Md. R. Crim. P. 4-211(b)(2). Officer Benson did so. That "charging document need not negate an exception, excuse, or proviso contained in a statute." Md. R. Crim. P. 4-202(d). Officer Benson filed the statement of charges containing the reasons for the arrest. We have determined above that the arrest was not unreasonable. The Rules did not require Officer Benson to expressly state the applicable exception to the general statute forbidding Richardson's carrying a firearm in public. Neither was Officer Benson required to cite the statute allowing aid to assault victims. A reasonable officer in Benson's position would have reasonably believed compliance with the Maryland Rules of Criminal Procedure to be lawful. There is no suggestion in this case that the Rules them-

5

selves violate the Fourth Amendment to the extent that Officer Benson's reliance on them would be unreasonable. As a result, we conclude that the district court did not err in granting summary judgment in favor of Officer Benson.

The fact that the charges against Richardson were nolle prosequi shows that he received the benefit of the laws of Maryland. It does not establish that Officer Benson's decision to arrest Richardson and initiate the criminal prosecution was unreasonable, stripping Officer Benson of his qualified immunity. Consequently, we affirm the district court's order granting summary judgment in favor of Officer Benson and dismissing the action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

6